**15 MAG 966**

ORIGINAL

Approved: _____
JESSICA K. FENDER
Assistant United States Attorney

U.S. DISTRICT COURT
FILED

MAR 24 2015

Before:    THE HONORABLE GABRIEL W. GORENSTEIN
United States Magistrate Judge
Southern District of New York

S.D.C.E N.Y.

DOC # __1__

- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :    **SEALED COMPLAINT**

   - v. -                              :    Violations of 18 U.S.C.
                                            §§ 514, 912, 1343, and 2
SANDRA ZONGO,                     :
                                       COUNTY OF OFFENSE:
            Defendant.            :    NEW YORK

- - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

MICHAEL CONDON, being duly sworn, deposes and says that he is a Special Agent with the United States Secret Service ("USSS") and charges as follows:

COUNT ONE
(Impersonating an Officer or Employee of the United States)

1.    From in or about May 2014 up to and including at least October 2014, in the Southern District of New York and elsewhere, SANDRA ZONGO, the defendant, falsely assumed and pretended to be an officer and employee acting under the authority of the United States and a department, agency and officer thereof, and acted as such, and in such pretended character demanded and obtained money and things of value, to wit, ZONGO claimed to be a Deputy Commissioner with the Office of the Commissioner, an organization associated with the United States government.

(Title 18, United States Code, Sections 912 and 2.)

1

COUNT TWO
(Wire Fraud)

2.     From in or about May 2014 up to and including at least in or about October 2014, in the Southern District of New York and elsewhere, SANDRA ZONGO, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, ZONGO sent emails falsely representing that she was a government official and attaching purchase orders and certificates of indebtedness for the purpose of obtaining things of value, including hotel accommodations.

(Title 18, United States Code, Sections 1343 and 2.)

COUNT THREE
(Fictitious Obligations)

3.     From at least in or about May 2014 up to and including at least in or about October 2014, in the Southern District of New York and elsewhere, SANDRA ZONGO, the defendant, willfully and knowingly, and with intent to defraud, did draw, print, process, produce, publish and otherwise make, and attempt and cause the same, within the United States, a false and fictitious instrument, document, and other item appearing, representing, purporting, and contriving through scheme and artifice, to be an actual security and other financial instrument issued under the authority of the United States, a foreign government, a State, and other political subdivision of the United States, and an organization, to wit, ZONGO created and tendered false and fictitious certificates of indebtedness and purchase orders issued under the authority of the United States government.

(Title 18, United States Code, Sections 514 and 2.)

The bases for my knowledge of the foregoing charges are, in part, as follows:

4.   I am a Special Agent with the USSS.  My duties and responsibilities include the investigation of counterfeiting schemes and other schemes involving items purporting to be United States financial instruments and securities.  The information contained in this affidavit is based upon my personal knowledge and my review of documents and records gathered during the course of this investigation, as well as information obtained, directly or indirectly, from other sources.  Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all of the facts that I have learned during the course of the investigation.  Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

5.   On or about November 5, 2014, I spoke with the Director of Security for Hotel-1, which is located in New York, New York, who told me the following:

a.   On or about May 2, 2014, SANDRA ZONGO, the defendant, claimed to be a Deputy Commissioner of Foreign Affairs with the "Office of the Commissioner," which was associated with the United States government.  ZONGO tendered to Hotel-1, *inter alia*, a purchase order and a "Streamlined Sales and Use Tax Agreement" form in order to secure lodging at Hotel-1.

b.   After receiving the above-listed documents, ZONGO was permitted to stay at Hotel-1 from on or about May 5, 2014 through on or about June 17, 2014, during which stay she incurred approximately $50,000 in charges.

6.   I have reviewed the documents described in Paragraph 5(a), which have the following characteristics:

a.   The purchase order indicates that it is payable on behalf of the "Office of the Commissioner, an IGO," for an "Official Governmental Stay" at Hotel-1.  The purchase order lists two United States contract numbers, and states it is for charges "relating to Official Business."  The purchase order further provides a "Governmental Exemption/Tax" number.

b.   The "Streamlined Sales and Use Tax Agreement" form indicates that the Office of the Commissioner is

tax exempt, because it is associated with the Department of State and is involved in "Governmental Affairs."

7.    On or about October 29, 2014, I spoke with a representative of a victim charitable organization ("Charity-1"), who told me the following:

a.    In or around September or early October 2014, SANDRA ZONGO, the defendant, agreed to purchase a 12-person table at a fundraiser being held in New York, New York by Charity-1 to benefit, *inter alia*, the Wounded Warrior Foundation.  ZONGO held herself out to be a Deputy Commissioner of Foreign Affairs with the "Office of the Commissioner."

b.    On or about October 4, 2014, Charity-1 sent an invoice to ZONGO for the "VIP Platinum Package," in the amount of $150,000.

c.    The Charity-1 fundraiser took place on or about October 7, 2014 in New York, New York.  ZONGO attended the event.

d.    On or about October 15, 2014, Charity-1 received, *inter alia*, a Purchase Order from ZONGO.

e.    No other payment was sent by ZONGO to Charity-1.

8.    I reviewed the Purchase Order described in Paragraph 7(d), which states that it is payable on behalf of the "Office of the Commissioner," and lists for that office an address at 845 United Nations Plaza in New York, New York.  The purchase order provides a "Federal Exempt" number, which is also listed as a "Governmental Exemption/Tax" number.  The purchase order states that the method of payment is "Federal Direct Billing Purchase Order Payment," and lists a "Charity Event" in the amount of $150,000 as the total amount at issue.

9.    On or about October 29, 2014, I spoke with an individual ("Witness-1") who provided me with an address for SANDRA ZONGO, the defendant, located at a second hotel in New York, New York ("Hotel-2").

10.    On or about October 29, 2014, I went to Hotel-2 and spoke with the Front Office Manager, who confirmed that SANDRA ZONGO, the defendant, was staying at Hotel-2.

11.    The Front Office Manager tendered documents showing that SANDRA ZONGO, the defendant, began residing at Hotel-2 on or about September 24, 2014, and that ZONGO's accumulated bill had reached over $35,000.

12.    The Front Office Manager also provided various documents SANDRA ZONGO, the defendant, sent to Hotel-2 via email, including two purchase orders, a certificate of indebtedness, a Form 1099-C "Cancellation of Debt," and various tax exemption forms.

13.    I reviewed the documents described in Paragraph 12, which have the following characteristics:

a.    The two "Purchase Orders" are generally similar in appearance to those described above in Paragraphs 6(a) and 8.  One is dated September 22, 2014 in the amount of $13,860.09 for "Temporary Residency for UNGA Delegation," and the other is dated "06, 2014" in the amount of $29,557.28 for "Temporary Residency for UNGA Delegation."

b.    The IRS form 1099-C "Cancellation of Debt" is dated October 1, 2014 and lists the $13,860.09 owed to Hotel-2 as the "Amount of debt discharged."  The IRS form 1099-C lists the Debtor as "Office of the Commissioner, an IGO," provides an address for the "Office of the Commissioner, an IGO," as "845 United Nations Plaza" in New York, New York.

c.    The "Certificate of Indebtedness" is dated October 1, 2014, and is addressed to "Jacob Lew, Secretary, United States Department of the Treasury."  The Certificate of Indebtedness states it is drawn upon the "authorized officer of the United States as stated above... for repayment of the obligation."  The Certificate of Indebtedness also states that it is "Accepted for Assessed Value of $13860.09 plus charges the herein attached obligation to the UNITED STATES."

d.    The tax exemption forms include, *inter alia*, New York State Department of Taxation and Finance ST-129 forms, which state they "may only be used by government employees of the United States, New York State, or political subdivisions of New York State."

14.    A representative of Hotel-2 called the New York Police Department ("NYPD") and made a complaint.  SANDRA ZONGO, the defendant, was arrested at Hotel-2 on October 30, 2014 at approximately 1:00 a.m. by members of the NYPD.

15.   From conversations with law enforcement, I learned that after her arrest, SANDRA ZONGO, the defendant, signed a written waiver of her *Miranda* rights and made videotaped statements in which ZONGO claimed, in sum and substance, that:

a.   ZONGO is employed by the federal government through the Department of State;

b.   ZONGO's employer, the Office of the Commissioner, has a Government Services Administration ("GSA") contract with an unlimited account against which her purchase orders were drawn;

c.   ZONGO had filled out the information on the documents that she had tendered to Hotel-2 for payment; and

d.   the Administrative Headquarters for ZONGO's organization are located at 845 United Nations Plaza in New York.

16.   I have spoken with the Property Manager of 845 United Nations Plaza in New York, New York.  The Property Manager confirmed that neither SANDRA ZONGO, the defendant, nor the Office of the Commissioner were residents of that property.

17.   I have confirmed with the United Nations that SANDRA ZONGO, the defendant, is not employed in any capacity by, nor is she officially associated with any Member State of, the United Nations.

18.   I have verified with the Diplomatic Security Service that SANDRA ZONGO, the defendant, does not have any diplomatic status in the United States and is not employed by or associated with the Department of State in any way.

6

WHEREFORE, deponent prays that an arrest warrant be issued for SANDRA ZONGO, the defendant, and that she be arrested and imprisoned or bailed, as the case may be.

MICHAEL CONDON
Special Agent
United States Secret Service

Sworn to before me this
24th day of March, 2015

THE HONORABLE GABRIEL W. GORENSTEIN
United States Magistrate Judge
Southern District of New York

7